| | |
|---|---|
| 1 | KAREN P. HEWITT |
|   | United States Attorney |
| 2 | AARON B. CLARK |
|   | Assistant U.S. Attorney |
| 3 | California State Bar No. 239764 |
|   | United States Attorney's Office |
| 4 | 880 Front Street, Room 6293 |
|   | San Diego, California 92101-8893 |
| 5 | Telephone: (619) 557-6787/(619) 235-2757 (Fax) |
|   | Email: aaron.clark@usdoj.gov |
| 6 | |
|   | Attorneys for Plaintiff |
| 7 | United States of America |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR0091-L |
| | ) | |
| Plaintiff, | ) | DATE: February 19, 2008 |
| | ) | TIME: 2:00 p.m. |
| v. | ) | Before Honorable M. James Lorenz |
| | ) | |
| ISAAC NAVARRO-LOMELI, | ) | UNITED STATES' MOTION FOR: |
| | ) | |
| Defendant(s). | ) | (1) RECIPROCAL DISCOVERY; AND |
| | ) | (2) LEAVE TO FILE FURTHER MOTIONS |
| | ) | |
| | ) | TOGETHER WITH STATEMENT OF FACTS AND MEMORANDUM |
| | ) | OF POINTS AND AUTHORITIES |

COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby files its Motions in the above-referenced case. Said Motions are based upon the files and records of this case together with the attached statement of facts and memorandum of points and authorities.

DATED: February 8, 2008.

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

s/ Aaron B. Clark
AARON B. CLARK
Assistant United States Attorney

```
 1  KAREN P. HEWITT
    United States Attorney
 2  AARON B. CLARK
    Assistant U.S. Attorney
 3  California State Bar No. 239764
    United States Attorney's Office
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
    Email: aaron.clark@usdoj.gov
 6
    Attorneys for Plaintiff
 7  United States of America
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) Criminal Case No. 08CR0091-L |
|---|---|
| Plaintiff, | ) DATE: February 19, 2008 <br> ) TIME: 2:00 p.m. <br> ) Before Honorable M. James Lorenz |
| v. | ) |
| ISAAC NAVARRO-LOMELI, | ) UNITED STATES' STATEMENT OF |
| Defendant(s). | ) FACTS AND MEMORANDUM OF <br> ) POINTS AND AUTHORITIES |

**I**

**STATEMENT OF THE CASE**

The Defendant, Isaac Navarro-Lomeli (hereinafter "Defendant"), was charged by a grand jury on January 9, 2008 with violating 21 U.S.C. §§ 952 and 960, importation of marijuana, and 21 U.S.C. § 841(a)(1), possession of marijuana with the intent to distribute. Defendant was arraigned on the Indictment on January 10, 2008, and entered a plea of not guilty.

**II**

**STATEMENT OF FACTS**

Defendant was apprehended on the morning of November 28, 2007, by United States Customs and Border Protection ("CBP") Officers at the Calexico, California (West) Port of Entry.

1  There, Defendant entered the vehicle inspection lanes as the driver, sole occupant, and registered
2  owner of a 1986 Dodge Ram ("the vehicle").
3      At primary inspection, Defendant provided a negative customs declaration and presented
4  a valid Permanent Resident card to CBP Officer Huerta. He further stated he was headed to work.
5  During his inspection of the vehicle at primary, Officer Huerta noticed an abnormality in the truck
6  bed area: after tapping the bottom of the bed, he noticed that there was no vibration to the top of
7  the bed. Officer Huerta thereafter escorted Defendant and the vehicle to the secondary lot.
8      At secondary inspection, a Narcotic Detector Dog ("NDD") alerted to the bed of the vehicle.
9  Further inspection of the vehicle ultimately revealed a non-factor compartment in the bed. The
10 compartment contained 9 packages of marijuana, weighing a total of 46.46 kilograms (102.21 lbs.).
11 A pat down of Defendant also revealed a small plastic bindle inside Defendant's wallet. The bindle
12 contained an unweighable amount of cocaine.
13     In a post-<u>Miranda</u> statement, Defendant admitted that he was paid $1500.00 to smuggle
14 marijuana into the United States.

**III**

**UNITED STATES' MOTION FOR RECIPROCAL DISCOVERY**

17     The United States hereby moves for reciprocal discovery from Defendants. To date
18 Defendants have not provided any. The United States, pursuant to Rule 16 of the Federal Rules of
19 Criminal Procedure, requests that Defendants permit the United States to inspect, copy, and
20 photograph any and all books, papers, documents, photographs, tangible objects, or make copies
21 of portions thereof, which are within the possession, custody or control of Defendants and which
22 Defendants intend to introduce as evidence in their case-in-chief at trial.
23     The United States further requests that it be permitted to inspect and copy or photograph
24 any results or reports of physical or mental examinations and of scientific tests or experiments made
25 in connection with this case, which are in the possession or control of Defendants, which
26 Defendants intend to introduce as evidence-in-chief at the trial, or which were prepared by a

3

1 witness whom Defendants intend to call as a witness. Because the United States will comply with
2 Defendants' requests for delivery of reports of examinations, the United States is entitled to the
3 items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The
4 Government also requests a written summary of the names, anticipated testimony, and bases for
5 opinions of experts the defendant intends to call at trial under Rules 702, 703, and 705 of the
6 Federal Rules of Evidence.

7 The United States also requests that the Court make such order as it deems necessary under
8 Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

9 In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production
10 of prior statements of all witnesses, except a statement made by defendants. This rule thus provides
11 for the reciprocal production of <u>Jencks</u> statements. The time frame established by the rule requires
12 the statement to be provided after the witness has testified. To expedite trial proceedings, the
13 United States hereby requests that Defendants be ordered to supply all prior statements of defense
14 witnesses by a reasonable date before trial to be set by the Court. Such an order should include any
15 form in which these statements are memorialized, including but not limited to, tape recordings,
16 handwritten or typed notes and/or reports.

## IV

## LEAVE TO FILE FURTHER MOTIONS

19 Should new information or legal issues arise, the United States respectfully requests the
20 opportunity to file such further motions as may be appropriate.
21 //
22 //
23 //
24 //
25 //
26 //

4

## IV

## **CONCLUSION**

For the foregoing reasons, the government respectfully requests that Defendant's motions, except where not opposed, be denied.

DATED: February 8, 2008.

                              Respectfully submitted,

                              KAREN P. HEWITT
                              United States Attorney

                              s/ Aaron B. Clark
                              AARON B. CLARK
                              Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>ISAAC NAVARRO-LOMELI,<br><br>    Defendant(s). | Case No. 08CR0091-L<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED THAT:

I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action.  I have caused service of UNITED STATES' MOTIONS on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

1. Robert Henssler, Esq.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 8, 2008.

                                             s/ Aaron B. Clark
                                             AARON B. CLARK