1  KAREN P. HEWITT
United States Attorney
2  AARON B. CLARK
Assistant U.S. Attorney
3  California State Bar No. 239764
United States Attorney's Office
4  880 Front Street, Room 6293
San Diego, California 92101-8893
5  Telephone: (619) 557-6787/(619) 235-2757 (Fax)
Email: aaron.clark@usdoj.gov
6
Attorneys for Plaintiff
7  United States of America

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,           )   Criminal Case No. 08CR0091-L
                                        )
11                      Plaintiff,      )   DATE:        June 9, 2008
                                        )   TIME:        10:00 a.m..
12            v.                        )   Before Honorable M. James Lorenz
                                        )
13  ISAAC NAVARRO-LOMELI,               )   UNITED STATES' MOTIONS *IN LIMINE*
                                        )   TO:
14                   Defendant(s).      )   (A)   EXCLUDE WITNESSES;
                                        )   (B)   PROHIBIT REFERENCE TO
15                                      )         PUNISHMENT, EDUCATION,
                                        )         HEALTH, AGE, AND FINANCES;
16                                      )   (C)   ADMIT EXPERT TESTIMONY;
                                        )   (D)   ADMIT DUPLICATES;
17                                      )   (E)   ADMIT EVIDENCE WITHOUT
                                        )         ESTABLISHING COMPLETE
18                                      )         CHAIN OF CUSTODY;
                                        )   (F)   PRECLUDE TESTIMONY OF
19                                      )         CHARACTER WITNESSES;
                                        )   (G)   PRECLUDE EVIDENCE OF
20                                      )         DURESS OR NECESSITY; AND
                                        )   (H)   PRECLUDE EXPERT
21                                      )         TESTIMONY BY DEFENSE
                                        )         WITNESSES
22                                      )
                                        )   TOGETHER WITH STATEMENT OF
23                                      )   FACTS AND MEMORANDUM OF
                                        )   POINTS AND AUTHORITIES
24  _____  )

25

26  //

27  //

28

| | |
|---|---|
| 1 |      COMES NOW the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, |
| 2 | Karen P. Hewitt, United States Attorney, and Aaron B. Clark, Assistant U.S. Attorney, and hereby |
| 3 | files its hereby files its motions *in limine* in the above-captioned case.  Said motions are based |
| 4 | upon the files and records of this case together with the attached statement of facts and |
| 5 | memorandum of points and authorities. |
| 6 |      DATED: May 23, 2008. |
| 7 | |
| 8 | Respectfully submitted, |
| 9 | KAREN P. HEWITT<br>United States Attorney |
| 10 | |
| 11 | s/ Aaron B. Clark<br>AARON B. CLARK<br>Assistant United States Attorney |
| 12 | |

1   KAREN P. HEWITT
    United States Attorney
2   AARON B. CLARK
    Assistant U.S. Attorney
3   California State Bar No. 239764
    United States Attorney's Office
4   880 Front Street, Room 6293
    San Diego, California 92101-8893
5   Telephone: (619) 557-6787/(619) 235-2757 (Fax)
    Email: aaron.clark@usdoj.gov
6
    Attorneys for Plaintiff
7   United States of America

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10  UNITED STATES OF AMERICA,        )   Criminal Case No. 08CR0091-L
                                     )
11                    Plaintiff,     )   DATE:        June 9, 2008
                                     )   TIME:        10:00 a.m.
12         v.                        )   Before Honorable M. James Lorenz
                                     )
13  ISAAC NAVARRO-LOMELI,            )   UNITED STATES' STATEMENT OF
                                     )   FACTS AND MEMORANDUM OF
14                    Defendant(s).  )   POINTS AND AUTHORITIES
                                     )
15                                   )
                                     )
                                     )
16  _____ )

17
                                    **I**
18
                     **STATEMENT OF THE CASE**
19
            On January 9, 2008, a federal grand jury in the Southern District of California returned a
20
    two-count Indictment charging the defendant, Isaac Navarro-Lomeli ("Defendant") with
21
    Importation of Marijuana, in violation of Title 21, United States Code, Sections 952 and 960 and
22
    Possession of Marijuana with the Intent to Distribute, in violation of Title 21, United States Code,
23
    Section 841(a)(1).  Defendant was arraigned on the Indictment on January 10, 2008, and entered
24
    a plea of not guilty.
25
    //
26
    //
27

28                                   3

1

## II

2

## STATEMENT OF FACTS

3      Defendant was apprehended on the morning of November 28, 2007, by United States

4  Customs and Border Protection ("CBP") Officers at the Calexico, California (West) Port of Entry.

5  There, Defendant entered the vehicle inspection lanes as the driver, sole occupant, and registered

6  owner of a 1986 Dodge Ram ("the vehicle").

7      At primary inspection, Defendant provided a negative customs declaration, claimed

8  ownership of the vehicle, and presented a valid Permanent Resident card to CBP Officer Miguel

9  Huerta.  He further stated he was headed to work. During his inspection of the vehicle at primary,

10  Officer Huerta noticed an abnormality in the truck bed area: after tapping the bottom of the bed,

11  he noticed that there was no vibration to the top of the bed.  Officer Huerta thereafter escorted

12  Defendant and the vehicle to the secondary lot.

13      At secondary inspection, a Narcotic Detector Dog ("NDD") alerted to the bed of the

14  vehicle. Further inspection of the vehicle ultimately revealed a non-factor compartment in the bed.

15  The compartment contained 9 packages of marijuana, weighing a total of 46.46 kilograms (102.21

16  lbs.).  A pat down of Defendant also revealed a small plastic bindle inside Defendant's wallet.  The

17  bindle contained an unweighable amount of cocaine.

18      In a post-Miranda statement, Defendant admitted that he was paid $1500.00 to smuggle

19  marijuana into the United States.

20

21

## III

## MEMORANDUM OF POINTS AND AUTHORITIES

22

23  **A.    THE COURT SHOULD EXCLUDE WITNESSES DURING TRIAL WITH THE
        EXCEPTION OF THE GOVERNMENT'S CASE AGENT**

24      Under Federal Rule of Evidence 615(3), "a person whose presence is shown by a party to

25  be essential to the presentation of the party's cause" should not be ordered excluded from the court

26  during trial.  The case agent in the present matter has been critical in moving the investigation

27

28                                        4

1  forward to this point and is considered by the United States to be an integral part of the trial team.

2  The United States requests that Defendant's testifying witnesses be excluded during trial pursuant

3  to Fed. R. Evid. 615.

4  **B.      DEFENDANT SHOULD BE PROHIBITED FROM ARGUING**
   **PUNISHMENT, EDUCATION, HEALTH, AGE, FAMILY CIRCUMSTANCES,**

5  **AND FINANCES TO THE JURY**

6  Defense counsel may wish to raise potential penalties Defendant faces if convicted.

7  Information about penalty and punishment draws the attention of the jury away from their chief

8  function as the sole judges of the facts, opens the door to compromised verdicts, and confuses the

9  issues to be decided.  United States v. Olano, 62 F.3d 1180, 1202 (9th Cir. 1995).  In federal court,

10  the jury is not permitted to consider punishment in deciding whether the United States has proved

11  its case against the defendant beyond a reasonable doubt.  9th Cir. Crim. Jury Instr. §7.4 (2003).

12  Any such argument or reference would be an improper attempt to have the jury unduly influenced

13  by sympathy for the defendant and prejudiced against the Government.  See 9th Cir. Jury Inst. §

14  3.1 (2000).  Therefore, the United States hereby moves *in limine* for the Court to order defense

15  counsel not to mention any penalty or punishment to the jury or to solicit testimony regarding the

16  same.

17  Likewise, the defense should be prohibited from making reference to or arguing about

18  Defendant's education, health, age, family circumstances, and finances.  Defendant may attempt

19  to introduce evidence designed to improperly arouse the sympathy of the jury, such as evidence

20  of his age or personal background.  The court should preclude Defendant from presenting such

21  evidence under Federal Rules of Evidence 401, 402, and 403.

22  Testimony about Defendant's education, health, age, family circumstances, and finances

23  are patently irrelevant to the issues in this case.  Fed. R. Evid. 401 defines "relevant evidence" as

24  "evidence having any tendency to make the existence of any fact that is consequence to the

25  determination of the action more probable or less probable than it would be without the evidence."

26  Fed. R. Evid. 402 states the evidence "which is not relevant is not admissible."  Testimony about

27

28                                                      5

1   Defendant's age and personal background are of no consequence to the determination of any

2   essential facts in this case.  Likewise, a defendant's right to testify is not absolute.  That right does

3   not authorize a defendant to present irrelevant testimony.  See United States v. Adams, 56 F.3d 737

4   (7th Cir. 1995) (proper to exclude video of defendant's children opening gifts on Christmas

5   because video would only develop sympathy for accused and would not establish defendant's

6   whereabouts two days earlier).

7       Furthermore, the introduction of such evidence would violate Fed. R. Evid. 403.  That rule

8   allows a court to exclude relevant evidence where the danger of unfair prejudice or confusion of

9   the issues outweighs the probative value of such evidence.  A trial court has "wide latitude" to

10  exclude such prejudicial or confusing evidence.  See United States v. Saenz, 179 F.3d 686, 689

11  (9th Cir. 1999).  The admission of testimony about defendant's education, health, age, and finances

12  will tend "to induc[e] decisions on a purely emotional basis . . ." in violation of Fed. R. Evid. 403.

13  See Fed. R. Evid. 403 Advisory Committee Notes; United States v. Ellis, 147 F.3d 1131, 1135 (9th

14  Cir. 1998).  Juries should not be influenced by sympathy.  9th Cir. Crim. Jury Instr. § 3.1 (2003).

15      Thus, the Government moves *in limine* for the court to order defense counsel not to

16  introduce such testimony from Defendant or from any witnesses.

17  **C.    ADMIT EXPERT TESTIMONY BY GOVERNMENT WITNESSES**

18      The United States expects to present expert testimony by a United States Drug Enforcement

19  Administration ("DEA") chemist who determined the substance found in Defendant's vehicle was

20  marijuana.  The United States also expects to present testimony by a United States Bureau of

21  Immigration and Customs Enforcement ("ICE") Special Agent who has determined the wholesale

22  and retail values in Tijuana and Imperial County, in or about November 2007, of the marijuana

23  seized from Defendant.  The Court should admit expert testimony by these two witnesses.

24      If specialized knowledge will assist the trier-of-fact in understanding the evidence or

25  determining a fact in issue, a qualified expert witness may provide opinion testimony on the issue

26  in question.  Fed. R. Evid. 702.  It is within the sound discretion of the trial judge to determine

27

28                                              6

1    whether or not expert testimony would assist in understanding the facts at issue. United States v.

2    Alonso, 48 F.3d 1536, 1539 (9th Cir. 1995); United States v. Lennick, 18 F.3d 814, 821 (9th Cir.

3    1994). An expert's opinion may be based on hearsay or facts not in evidence where the facts or

4    data relied upon are of the type reasonably relied upon by experts in the field. Fed. R. Evid. 703.

5    An expert may provide opinion testimony even if it embraces an ultimate issue to be decided by

6    the trier-of-fact. Fed. R. Evid. 704.

7          The United States expects to present the testimony of a DEA chemist [1] that the substances

8    seized from the car were cocaine and methamphetamine. At trial, the United States will be

9    required to prove that Defendant knowingly brought marijuana into the United States and that

10   Defendant knew it was marijuana, or some other prohibited drug. See 9th Cir. Crim. Jury Instr.

11   § 9.27 (2003). The United States will also have to show that Defendant knowingly possessed

12   marijuana. See 9th Cir. Crim. Jury Instr. § 9.13 (2003). Defendant's importation and possession

13   of marijuana, or some other controlled substance, are elements of the offenses with which he is

14   charged. Thus, expert testimony that the substance seized from Defendant's vehicle was

15   marijuana, a controlled substance, is relevant and should be admitted. See 9th Cir. Crim. Jury

16   Instr. 9.13 (2003) (stating, "It does not matter whether the defendant knew that the substance was

17   [marijuana]. It is sufficient that the defendant knew it was some kind of prohibited drug."). See

18   also United States v. Orduno-Aguilera, 183 F.3d 1138, 1140 (9th Cir. 1999) (finding government

19   failed to meet its burden of proving that controlled substance defendant was accused of importing

20   and possessing met statutory definition).

21         In addition, the United States intends to present expert testimony by a federal agent

22   regarding the wholesale and retail values of the methamphetamine seized from Defendant's

23   vehicle. Specifically, an ICE Special Agent will testify as to the wholesale and retail price range

24   for 46.46 kilograms of marijuana in the border region of Mexico and in Imperial County,

25

26         [1] The identity and qualifications of the specific testifying DEA Chemist, as well as the ICE
27   Special Agent, will be provided to the defense well in advance of trial.

28                                              7

California.  The agent will also testify about how marijuana is consumed by the typical end-user. The expert will testify that the quantity of narcotics seized from Defendant's car was far greater than a consumer would possess for personal use.

The value expert's testimony on the wholesale and retail values of the narcotics seized in this case is relevant to Defendant's intent to distribute.  See United States v. Savinovich, 845 F.2d 834, 838 (9th Cir. 1988) (finding that price and quantity of narcotics is relevant to defendant's intent to distribute).  The Ninth Circuit has upheld the admissibility of expert testimony as to the retail value of drugs.  See United States v. Ogbuehi, 18 F.3d 807, 812 (9th Cir. 1994) ("DEA agents can testify as to the street value of narcotics . . . and counsel can argue reasonable inferences from it.") (citation omitted); see also United States v. Ramirez, 176 F.3d 1179, 1181 (9th Cir. 1999) (finding it "reasonable to infer that a $37,120 shipment of marijuana would not be entrusted to the driver of the vehicle without the driver's knowledge").  Accordingly, no basis exists for excluding this testimony as to the value of the drugs.

It is expected that the Special Agent will base his opinions on his experience investigating these types of cases, as well as his experience interviewing drug traffickers, debriefing confidential informants, and discussing drug value information with other agents.

The United States does not intend to introduce expert testimony regarding structure in its case-in-chief.  If the United States presents such evidence in rebuttal, it will do so consistent with United States v. Vallejo, 237 F.3d 1008, as amended, 241 F.3d 1150 (9th Cir. 2001).

**D.      THE COURT SHOULD ALLOW THE ADMISSION OF DUPLICATES**

In the alternative, copies of any documents and items made by the case agent on the night of Defendant's arrest should be properly admitted, in the event that the original documents and items that were in Defendant's possession are no longer available.  The United States anticipates having a witness with knowledge of both the originals in Defendant's possession as well as the copies that were made at the time of his arrest.

1    A duplicate is admissible to the same extent as an original unless (1) a genuine question

2    is raised as to the authenticity of the original, or (2) under circumstances, it would be unfair to

3    admit the duplicate instead of the original.  Fed. R. Evid. 103.  The foundation for these duplicates

4    can be established, so they should be admitted at trial.

5

6    **E.    THE COURT SHOULD NOT REQUIRE THE UNITED STATES TO PROVE EACH LINK IN THE CHAIN OF CUSTODY OF THE NARCOTICS**

7    The United States intends to introduce evidence of the 46.46 kilograms of marijuana

8    discovered in the vehicle when Defendant entered the United States.  Evidence of the marijuana,

9    which was first seized by inspectors and later tested by a DEA chemist, is admissible because there

10    is a presumption of regularity in its handling by these public officials and the testimony of these

11    witnesses will show that the narcotics have not changed in a material way since its seizure.  The

12    United States should not be required to prove every link in the chain of custody in order for

13    narcotics evidence to be admissible.

14    The test of admissibility of physical objects connected with the commission of a crime

15    requires a showing that the object is in substantially the same condition as when the crime was

16    committed (or the object seized).  Factors to be considered are the nature of the article, the

17    circumstances surrounding its preservation and custody, and the likelihood of inter-meddlers

18    tampering with it.  There is, however, a presumption of regularity in the handling of exhibits by

19    public officials.  United States v. Kaiser, 660 F.2d 724, 733 (9th Cir. 1981), cert. denied, 445 U.S.

20    856 (1982), overruled on other grounds, United States v. DeBright, 730 F.2d 1255, 1259 (9th Cir.

21    1984) (en banc).  If this Court finds that there is a reasonable possibility that a piece of evidence

22    has not changed in a material way, the Court has the discretion to admit the evidence.  Id.  The

23    United States is not required, in establishing chain of custody, to call all persons who may have

24    come into contact with the piece of evidence.  Gallego v. United States, 276 F.2d 914, 917 (9th Cir.

25    1960).

26

27

28                                                        9

1  The marijuana seized from the vehicle was marked, photographed, secured, and transported

2  in accordance with standard operating procedures.  Because the narcotics have not changed in a

3  material way and has been properly preserved, the United States should not have to prove every

4  link in the chain of custody from the time it was seized through the time of trial.

5  **F.**    **TESTIMONY OF CHARACTER WITNESSES**

6  In introducing positive character evidence, a defendant must restrict himself to evidence

7  regarding "law-abidingness" and honesty.  A defendant may not introduce evidence concerning

8  specific instances of good conduct, lack of a prior record, or propensity to engage in specific bad

9  acts such as drug smuggling or distribution.  United States v. Hedgecorth, 873 F.2d 1307, 1313

10  (9th Cir. 1987) ("[W]hile a defendant may show a characteristic for lawfulness through opinion

11  or reputation testimony, evidence of specific acts is generally inadmissible.") (citations omitted);

12  United States v. Barry, 814 F.2d 1400, 1403 (9th Cir. 1987); Government of Virgin Islands v.

13  Grant, 775 F.2d 508, 512 (3d Cir. 1985) ("[T]estimony that one has never been arrested is

14  especially weak character evidence.").

15  Any character evidence Defendant seeks to introduce at trial, therefore, should be limited

16  to evidence regarding his law-abidingness and honesty.  Character evidence beyond the scope of

17  these two traits would be inappropriate.

18  **G.**    **THE COURT SHOULD PRECLUDE EVIDENCE OF DURESS OR NECESSITY**

19  Defendant should be precluded from presenting evidence or argument that he imported

20  narcotics due to duress or necessity.  Courts have specifically approved the pretrial exclusion of

21  evidence relating to a legally insufficient duress defense on numerous occasions.  See United

22  States v. Bailey, 444 U.S. 394 (1980) (addressing duress); United States v. Moreno, 102 F.3d 994,

23  997 (9th Cir. 1996), cert. denied, 522 U.S. 826 (1997) (addressing duress).  Similarly, a district

24  court may preclude a necessity defense where"the evidence, as described in the defendant's offer

25  of proof, is insufficient as a matter of law to support the proffered defense."  United States v.

26  Schoon, 971 F.2d 193, 195 (9th Cir. 1992).

27

28

1    In order to rely on a defense of duress, Defendant must establish a prima facie case that:

2    (1)    Defendant committed the crime charged because of an immediate threat of death

3    or serious bodily harm;

4    (2)    Defendant had a well-grounded fear that the threat would be carried out; and

5    (3)    There was no reasonable opportunity to escape the threatened harm.

6    United States v. Bailey, 444 U.S. 394, 410-11 (1980); Moreno, 102 F.3d at 997. If Defendant fails

7    to make a threshold showing as to each and every element of the defense, defense counsel should

8    not burden the jury with comments relating to such a defense. See, e.g., Bailey, 444 U.S. at 416.

9    A defendant must establish the existence of four elements to be entitled to a necessity

10    defense:

11    (1)    that he was faced with a choice of evils and chose the lesser evil;

12    (2)    that he acted to prevent imminent harm;

13    (3)    that he reasonably anticipated a causal relationship between his conduct and the

14    harm to be avoided; and

15    (4)    that there was no other legal alternatives to violating the law.

16    See Schoon, 971 F.2d at 195; United States v. Dorrell, 758 F.2d 427, 430-31 (9th Cir. 1985). A

17    court may preclude invocation of the defense if "proof is deficient with regard to any of the four

18    elements." See Schoon, 971 F.2d at 195.

19    The United States hereby moves for an evidentiary ruling precluding defense counsel from

20    making any comments during the opening statement or the case-in-chief that relate to any

21    purported defense of "duress" or "coercion" or "necessity" unless Defendant makes a prima facie

22    showing satisfying each and every element of the defense. The United States respectfully requests

23    that the Court rule on this issue prior to opening statements to avoid the prejudice, confusion, and

24    invitation for jury nullification that would result from such comments.

25    //

26    //

27

28    11

1    **H.      PRECLUDE EXPERT TESTIMONY BY DEFENSE WITNESSES**

2         Defendant must disclose written summaries of testimony that Defendant intends to use

3    under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial. The summaries

4    are to describe the witness's opinions, the bases and reasons for those opinions, and the witness's

5    qualifications. Defendant here has not provided notice of any expert witness, nor any reports by

6    expert witnesses. Accordingly, Defendant should not be permitted to introduce any expert

7    testimony if he fails to disclose such information prior to trial.

8         If the Court determines that Defendant may introduce expert testimony, the United States

9    requests a hearing to determine this expert's qualifications and relevance of the expert's testimony

10   pursuant to Fed. R. Evid. 702 and Kumho Tire Co. v. Carmichael, 526 U.S. 137, 150 (1999). See

11   United States v. Rincon, 11 F.3d 922 (9th Cir. 1993) (affirming the district court's decision to not

12   admit the defendant's proffered expert testimony because there had been no showing that the

13   proposed testimony related to an area that was recognized as a science or that the proposed

14   testimony would assist the jury in understanding the case); see also United States v. Hankey, 203

15   F.3d 1160, 1167 (9th Cir.), cert. denied, 530 U.S. 1268 (2000).

16                                    **IV**

17                               **CONCLUSION**

18        For the foregoing reasons, the United States respectfully requests that its motions *in limine*

19   be granted.

20        DATED: May 23, 2008.

21
                                     Respectfully submitted,
22
                                     KAREN P. HEWITT
23                                   United States Attorney

24
                                     s/ Aaron B. Clark
25                                   AARON B. CLARK
                                     Assistant United States Attorney
26

27

28                                     12

1

2                                  UNITED STATES DISTRICT COURT

3                                  SOUTHERN DISTRICT OF CALIFORNIA

4    UNITED STATES OF AMERICA,                        Case No. 08CR0091-L

5                         Plaintiff

6                    v.                               CERTIFICATE OF SERVICE

7    ISAAC NAVARRO-LOMELI,

8                         Defendant(s).

9

10   IT IS HEREBY CERTIFIED THAT:

11          I, AARON B. CLARK, am a citizen of the United States and am at least eighteen years of

12   age.  My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

13          I am not a party to the above-entitled action.  I have caused service of UNITED STATES'
     MOTIONS *IN LIMINE* on the following parties by electronically filing the foregoing with the

14   Clerk of the District Court using its ECF System, which electronically notifies them.

15          1.  Robert Henssler, Esq.

16          I declare under penalty of perjury that the foregoing is true and correct.

17          Executed on May 23, 2008.

18                                              s/ Aaron B. Clark_____

19                                              AARON B. CLARK

20

21

22

23

24

25

26

27

28